IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11CV141

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| THE STATE OF COLORADO, | ) | |
| THE STATE OF GEORGIA, | ) | |
| THE STATE OF NORTH CAROLINA, | ) | |
| THE STATE OF TEXAS, and | ) | |
| THE COMMONWEALTH OF VIRGINIA | ) | |
| Ex rel. ANTONIO SAIDIANI, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| NEXTCARE, INC., NEXTCARE ARIZONA LLC, | ) | |
| COLORADO URGENT CARE, LLC, | ) | |
| NEXTCARE GEORGIA LLC, NEXTCARE | ) | |
| NORTH CAROLINA LLC, MATRIX | ) | |
| OCCUPATIONAL HEALTH, INC., | ) | |
| NEXTCARE TEXAS LLC, VIRGINIA URGENT | ) | |
| CARE LLC, JOHN SHUFELDT, and DOES 1 | ) | |
| THROUGH 25, INCLUSIVE, | ) | |
|     Defendants. | ) | |

This matter is before the Court upon Defendant John Shufeldt's Motion to Dismiss all causes of action against him pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. This matter is fully briefed and ripe for decision.

On March 24, 2011, Plaintiff/Relator Saidiani filed this lawsuit against NextCare, Inc. ("NextCare") and others alleging, *inter alia*, that Defendants violated the federal False Claims Act, 31 U.S.C. § 3729 *et seq* ("FCA") and its state law analogs in Colorado, Georgia, North Carolina, Texas and Virginia (the "State FCA's"). Specifically, the lawsuit alleges that Defendants were engaged in billing and obtaining reimbursement from government health care programs for allegedly unnecessary medical tests performed at NextCare urgent care clinics.

1

Saidiani filed an Amended Complaint on September 1, 2011 adding John Shufeldt ("Shufeldt"), NextCare's former Chief Executive Officer, as an additional Defendant and alleging that Shufeldt was the architect of several schemes that defrauded the United States and the five states in which NextCare operated urgent care facilities of approximately $17 million.

Unknown to Saidiani, a former NextCare employee named Lorin Granger ("Granger") had filed a similar suit against NextCare under the federal FCA on December 21, 2009. Granger did not sue under the State FCA's, and did not sue Shufeldt as the mastermind of the scheme. On the same day that Saidiani filed the present Complaint, Granger amended her Complaint to add causes of action under the Georgia, North Carolina, Texas and Virginia FCAs.

Upon reviewing Granger's original Complaint, the government began its investigation of NextCare's medical testing policies and procedures, its billings to state and federal government health care programs, and its coding practices. NextCare began cooperating with the government's investigation and began discussions with the governmental entities regarding a potential settlement.

On June 4, 2012, the state and federal governments entered into Settlement Agreements with NextCare. Pursuant to those Settlement Agreements, NextCare agreed to pay $10 million to the federal and state governments. At or about the same time that the aettlements with NextCare were executed, the United States declined to intervene against Shufeldt. Shufeldt was subsequently served with the Complaint in early October, 2012.

Pursuant to the Federal Settlement Agreement, the United States and the Relators agreed to release NextCare from any civil monetary claims they had on behalf of the United States for

2

certain "Covered Conduct" under the FCA as defined in the Agreement. The Covered Conduct spanned the period from January 1, 1996, through July 31, 2010. The Agreement specifically provided that:

> Notwithstanding the releases given in Paragraphs 4-8 of this Agreement . . . the following claims of the United States are specifically reserved and are not released: . . . Any claims against NextCare's former Chief Executive Officer, Dr. John Shufeldt, or any other individuals, including current and former officers, directors, shareholders, and employees; however, if such individuals are legally entitled to repayment from NextCare, by claim for indemnification, contribution, reimbursement or otherwise, as a result of a claim brought by the United States or any other party to this Agreement for the Covered Conduct, the release provided in Paragraphs 4 and 5 above for any monetary claim shall apply to such individuals with respect to that claim.

Federal Settlement Agreement, ¶III(9)(a), 9(h).

Thus, Saidiani's federal claims against Shufeldt are expressly reserved and are not released unless it is determined that Shufeldt is "legally entitled" to indemnification by NextCare. The State Settlement Agreements contain similar language:

> Notwithstanding any term of this Agreement, the State specifically does not release any person or entity from any of the following liabilities . . . [a]ny liability of NextCare's former Chief Executive Officer, Dr. John Shufeldt, or any other individuals, including current or former officers, directors, shareholders or other employees, with respect to the Covered Conduct, <u>provided that</u> if any individual is legally entitled to repayment from NextCare, by claim for indemnification, contribution, reimbursement or otherwise, as a result of a claim brought by the State or other party to this Agreement for the Covered Conduct, the release provided in paragraph 3 above for any monetary claim shall apply to such individual with respect to that claim;

North Carolina Settlement Agreement, ¶III(3)(4)(underlined emphasis in original).

On December 11, 2012, just days before Shufeldt was required to either answer Saidiani's Complaint or otherwise plead, Shufeldt wrote a short letter to the CEO of NextCare, John Julian, seeking to be indemnified as to the Saidiani lawsuit. The next day, Julian wrote a

3

one page letter to Shufeldt, in which he asserted that Shufeldt was legally entitled to be indemnified by NextCare pursuant to an Indemnification Agreement dated August 31, 2010, the same day Shufeldt resigned as CEO of NextCare.

Defendant Shufeldt now moves to dismiss this case, arguing that because he is "legally entitled" to indemnification by NextCare, the Settlement Agreements serve as a bar to Saidiani's claims against him. While Shufeldt brought this motion pursuant to Rule 12(b)(6) and (b)(1), by submitting materials outside of the pleadings in support of his motion, Shufeldt is actually moving for summary judgment as to an affirmative defense. In response, Saidiani has raised several issues with regard to Shufeldt's purported indemnification, including an argument that Shufeldt is not "legally entitled" to indemnification because it is prohibited under Delaware law (which governs the indemnification agreement between Shufeldt and NextCare) due to Shufeldt's allegedly fraudulent actions. Moreover, Saidinai contends that the indemnification agreement suffers from a lack of consideration and cannot be invoked based upon its own terms. The Court finds that summary judgment at this stage of the litigation is simply inappropriate. Plaintiff has not had the benefit of discovery. Accordingly,

IT IS THEREFORE ORDERED that Defendant Shufeldt's Motion to Dismiss is hereby DENIED.

Signed: May 6, 2013

Graham C. Mullen
United States District Judge