THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:11-cv-00141-GCM

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *et al.*, ) <br> *EX REL.* ANTONIO SAIDIANI ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NEXTCARE, INC., *et al.* ) <br> ) <br>     Defendants. ) <br> ) | ORDER GRANTING <br> DEFENDANT SHUFELDT'S <br> MOTION FOR A STAY <br> OF DISCOVERY |

This matter is before the Court upon Defendant John Shufeldt's Motion for a Stay of Discovery (Dkt. 80) (the "Motion to Stay"); *see also* Dkt. 81 (Memorandum in Support). The Court conducted a telephonic conference at 11 a.m. on July 16, 2014 to discuss the Motion to Stay. Present on the conference call were Daniel R. Miller, Esq., counsel for Relator Antonio Saidiani; David W. Long, Esq., counsel for Defendant John Shufeldt; Mark Calloway, Esq., counsel for NextCare, Inc. ("NextCare"), which is not currently a party to this action but has been served with multiple subpoenas *duces tecum*; and Jonathan H. Ferry, Esq., Assistant United States Attorney, counsel for the United States of America, which has also been served with multiple subpoenas *duces tecum*.

Shufeldt's Motion to Stay was filed as a consolidated motion, along with a Motion to Dismiss, *see* Dkt. 80 (the "Motion to Dismiss"), which is a potentially-dispositive motion. In the Motion to Stay, Shufeldt has moved the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to stay all discovery pending the Court's consideration of and ruling upon the Motion to Dismiss. Relator Saidiani, by and through counsel, stated that he takes no position on the Motion to Stay.

1

Upon consideration of the Motion to Stay, the Court finds that the Motion to Stay should be, and hereby is, granted.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. All discovery in this case is hereby stayed pending the Court's consideration of and ruling upon Shufeldt's Motion to Dismiss. This stay includes and applies to any non-party that has been served with a subpoena in the case.

2. To the extent that the Federal Rules of Civil Procedure and/or any previously-entered scheduling order(s) may impose any deadlines going forward, such deadlines are suspended pending the Court's consideration of Shufeldt's Motion to Dismiss.

3. If the Court denies the Motion to Dismiss, the Court will enter a new scheduling order that will set deadlines for discovery and further proceedings in this case.

Date Signed: July 30, 2014

Graham C. Mullen
United States District Judge