IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11CV141

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, *et al.*, | ) | |
| *EX REL.* ANTONIO SAIDIANI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NEXTCARE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon the Chapter 7 Trustee's Rule 60(b) Motion to Set Aside Dismissal and Reopen Matter and Motion to Substitute Herself as Plaintiff-Relator. (Doc. Nos. 93, 95). Defendant Shufeldt has filed a response in opposition to this motion, and the Trustee filed a Reply. Accordingly, this motion is ripe for disposition.

I.    FACTUAL BACKGROUND

The Relator in this case, Antonio Saidiani, originally filed this action under seal on March 24, 2011. He alleged that Nextcare, its individual urgent care clinics, and its former CEO, Dr. John Shufeldt, submitted false or fraudulent claims or caused false or fraudulent claims to be submitted for payment by various federal and state government payors from around May 2009 through "at least" April 2010, when he was fired by Nextcare. Saidiani amended his Complaint on September 1, 2011.

On September 2, 2011, Saidiani filed a voluntary Chapter 7 bankruptcy petition in the Northern District of California. Either before filing his petition or while the bankruptcy case was pending, Saidiani entered into a Relator Sharing Agreement with the relator in a first-filed case

1

(the *Granger* case) so that both relators could share in any settlement entered between the government and NextCare. Although Saidiani's purported knowledge of the allegations and claims arose in May 2009, he filed his complaint in March 2011, he amended his complaint in September 2011, and he entered into a Relator Sharing Agreement with Granger in the latter part of 2011, he did not disclose any of this to the bankruptcy court or his creditors in his September 2011 bankruptcy case. On October 26, 2011, the Trustee in Saidiani's Chapter 7 bankruptcy case made a Report of No Distribution, which signals that there were no assets available for Saidiani's creditors. On November 29, 2011, Saidiani received his full and final discharge and the bankruptcy court closed the case. The amount discharged totaled $256,303.63. (Doc. No. 98-4).

On June 4, 2012, NextCare entered into a settlement with the federal government and various state governments, Granger, and Saidiani. Pursuant to those settlement agreements, NextCare agreed, among other things, to pay $10 million over 5 years and was dismissed from the litigation. The government agreed to pay a relator's share to Granger (not Saidiani) of 18%, or $1.8 million, of the proceeds, as these monies are paid in quarterly installments by NextCare. In other words, every time that NextCare makes a payment to the government, the government cuts a check to Granger for 18% of that amount. Pursuant to their 2011 Relator Sharing Agreement, Granger then shares some portion of this ongoing recovery with Saidiani.

In the settlement agreement, the government did not release its individual claims against Dr. Shufeldt, but it declined to intervene in those remaining claims. Saidiani opted to independently pursue those claims against Dr. Shufeldt in his individual capacity, which arose as early as May 2009 and which were a part of his March 2011 Complaint.

Upon learning in late May 2014 of Saidiani's bankruptcy fraud, Dr. Shufeldt filed a Motion to Dismiss the Amended Complaint for lack of standing and pursuant to judicial estoppel. (Doc. No. 80). On September 18, 2014, this Court granted that motion and dismissed the case against Shufeldt with prejudice, but held the case open for 60 days to allow the United States to make a determination as to whether it intended to take further action in the case. (Doc. No. 89). Upon notice that the government did not intend to take any further action, the Court entered an Order dismissing the case with prejudice, and this case was closed December 16, 2014. (Doc. Nos. 91, 92).

The government also notified the Bankruptcy Trustee on October 16, 2014 that the government did not intend to take any further action in the case. The Trustee then filed an Ex Parte Motion to Reopen the Chapter 7 Case on October 22, 2014, which was supported by the Declaration of Lois I. Brady, the Chapter 7 Trustee. (Doc. No. 98-1). That Declaration states that:

> Recently, I was contacted by an attorney, Daniel R. Miller, Esq., who informed me of a lawsuit he filed against NextCare, Inc. and John Shufeldt, MD where the Debtor Antonio Saidiani ("Debtor") was a plaintiff. I am informed and believe that Debtor has received proceeds from this lawsuit of an estimated $60,000 to date and is expected to receive payments over the next two years of approximately $250,000. Debtors did not disclose or exempt any interest in the lawsuit. The lawsuit was filed and was pending, albeit "under seal", prior to the petition date.

*Id.*

The Declaration goes on to "request that this case be reopened and that the Trustee's Report of No Distribution be withdrawn to allow me the opportunity to administer *this asset* for the benefit of unsecured creditors." *Id*. (emphasis added). An Order reopening the Chapter 7 Case was granted on October 27, 2014. (Doc. No. 98-2). On March 23, 2015, the Trustee filed an ex-parte application to employ Special Counsel, specifically the law firm of Marshall, Roth & Gregory, P.C., who previously represented Saidiani in this matter before this Court, for "representation of

3

the estate in prosecuting the Litigation, including discovery, mediation, arbitration, trial and/or other judicial proceedings against Defendant." (Doc. No. 98-3).

## II. DISCUSSION

The Chapter 7 Trustee seeks to set aside the judgment and re-open this case pursuant to Federal Rules of Civil Procedure 60(b)(3) or (b)(6). Rule 60(b)(3) allows relief from final judgment for "fraud . . . , misrepresentation, or misconduct by *an opposing party*." Fed. R. Civ. P. 60(b)(3) (emphasis added). This Rule "focuses on the unfair means by which a judgment or order is procured." *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1010 (4th Cir. 2014); *see also Tyson v. Ozmint,* 246 F.R.D. 517, 520 (D.S.C. 2007) ("Essentially, Rule 60(b)(3) provides an avenue for revisiting judgments that were obtained unfairly, not judgments which the moving party merely believes were erroneous."). Consequently, for the rule to apply, "the 'adverse party' contemplated by Rule 60(b)(3)"—the opposing party in the litigation—"must be the author of any fraud . . . ." *Sherman v. Verizon Va., Inc.*, 220 F.R.D. 260, 262 (E.D. Va. 2002).

The Court finds that Rule 60(b)(3) is simply inapplicable in this case. The adverse party in this litigation, Dr. Shufeldt, did nothing fraudulently or unfairly to obtain the judgment herein. Saidiani, the plaintiff the Trustee seeks to replace, is the party who engaged in fraud.

Rule 60(b)(6) is the catchall provision which allows the court to grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, "[a]s the Supreme Court of the United States has observed, 'extraordinary circumstances' are required to bring the motion within the 'other reason' language of Rule 60(b)(6)." *Moore v. Bethesda Fire Dep't, Inc.*, 937 F.2d 603 (4th Cir. 1991) (table decision) (citation omitted); *see also United States v. Jordan,* No. 3:05CR17, 2013 WL 5933481, at *2 (E.D. Va. Nov. 5, 2013) ("Relief under Rule 60(b)(6) is reserved 'only [for] truly 'extraordinary circumstances.'"). As with Rule 60(b)(3), this Court has broad discretion

4

under Rule 60(b)(6) to consider public interest factors, and "the public interest dictates that 'the orderly operation of the federal judicial system' must be respected." *Valero Terrestrial Corp. v. Paige,* 211 F.3d 112, 120 (4th Cir. 2000).

The Court must "balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994), quoting *Square Constr. Co. v. Washington Metro Area Transit Auth*., 657 F.2d 68, 71 (4th Cir. 1981). The Court concludes that this is not a case where extraordinary circumstances compel relief from judgment.

The Trustee did not inform this Court that she intended to seek to reopen the case until she filed this present motion, seven months after being notified by the government. More importantly, The Trustee's Motion to Reopen the Chapter 7 Case and supporting Declaration specifically contemplated the proceeds of the Relator Sharing Agreement, not Saidiani's suit against Dr. Shufeldt. The Trustee can very likely recover enough to satisfy Saidiani's creditors by attaching the proceeds from the NextCare settlement which, by the Trustee's own Declaration, is estimated to be $60,000 as of October 2014, and approximately $250,000 over the following two years. This is a sum that the Trustee may easily attach and recover for Saidiani's creditors without resorting to protracted, expensive, and—ultimately uncertain—litigation. Reopening this case will cause the Court, the United States, and non-party NextCare to incur significant expenses, and, since Saidiani's creditors cannot be compensated in excess of 100% of what they are owed, reopening this case would provide no benefit that cannot likely be obtained simply by collecting the proceeds from the Relator Sharing Agreement. The only entity that would benefit from fully prosecuting the remaining claims against Dr. Shufeldt is Special Counsel, who will receive a 45% share of any monetary recovery by the Bankruptcy Estate in the litigation against Dr. Shufeldt.

5

Because the Trustee has not satisfied the requirements of Rules 60(b)(3) and (6) and, even if she had, discretionary factors weigh strongly against allowing the Trustee to reopen the case and intervene, this Court hereby denies the Chapter 7 Trustee's Rule 60(b) Motion to Set Aside Dismissal and Reopen Matter and Motion to Substitute Herself as Plaintiff-Relator.

IT IS SO ORDERED.

Signed: September 11,

Graham C. Mullen
United States District Judge